UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60556-DIMITROULEAS/AUGUSTIN-BIRCH

**GIOVANNI DUVAL,**

    **Plaintiff,**

v.

**AVIS BUDGET GROUP, INC.,**

    **Defendant.**

_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
REMOTE DEPOSITION, INSPECTION, AND OFFICER MEDINA'S ATTENDANCE**

This matter comes before the Court on Plaintiff Giovanni Duval's Motion to Compel Remote Deposition, Inspection, and Officer Medina's Attendance. DE 48. Defendant Avis Budget Group, Inc. filed a Response to the Motion to Compel. DE 49. The Court held a hearing on the Motion to Compel on March 4, 2024, via video teleconference. The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

        **I.**        **BACKGROUND**

Duval has raised claims against Avis Budget Group of malicious prosecution and of false reporting of criminal behavior to law enforcement.[1] DE. 19. Duval alleges that he lost his driver's license in October 2019, and someone used the license to rent a vehicle at Avis Budget Group's Fort Pierce location. *Id.* ¶¶ 6–7. Avis Budget Group "blindly rented the vehicle to the unknown

---

[1] Duval also raised a claim of false imprisonment and arrest. The Honorable William P. Dimitrouleas, United States District Judge, dismissed that claim in a ruling on a Motion to Dismiss. DE 24.

individual without verifying the person's identity" and "has no records of the individual who actually rented its vehicle." *Id.* ¶ 7. Avis Budget Group claimed that Duval rented the vehicle and, when the vehicle was not returned, Avis Budget Group sent a letter about the unreturned vehicle to Duval's aunt, who informed Avis Budget Group that Duval's driver's license was missing and that he did not rent a vehicle. *Id.* ¶¶ 9–11. Nevertheless, Avis Budget Group falsely reported to the Fort Pierce police that Duval stole the vehicle and, based on that report, the police executed a warrant for his arrest in November 2019. *Id.* ¶¶ 14–24. A criminal proceeding was initiated in St. Lucie County for one count of grand theft of a motor vehicle. *Id.* ¶¶ 25–26. Although the state attorney eventually dismissed the charge based on a lack of evidence that Duval rented the vehicle, Duval needed to hire a defense attorney and pay a bond, and Avis Budget Group never withdrew its report that Duval stole the vehicle. *Id.* ¶¶ 27, 30–33. As a result of this incident, Duval suffered humiliation, embarrassment, mental and emotional distress, damage to his reputation, and a loss of income; unnecessarily incurred legal fees and costs; and sustained emotional, physical, and financial injuries. *Id.* ¶¶ 39, 60, 73.

## II.     ANALYSIS

Duval's Motion to Compel raises issues concerning his deposition, a premises inspection that he seeks to conduct at Avis Budget Group's Fort Pierce location, and the deposition of Officer Estefany Medina of the Fort Pierce Police Department.

### A. Duval's Deposition

Avis Budget Group has scheduled an in-person deposition for Duval on April 4 in Coral Gables. Duval requests that the deposition be via video teleconference because "he works as a truck driver and cannot attend an in-person deposition." DE 48 at 1–2; *see* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."). Despite Duval's representation to the Court that he cannot

attend an in-person deposition, his counsel stated during the hearing that counsel does not know whether Duval will be traveling for his job on April 4. Counsel indicated that the April 4 deposition may be rescheduled.

Avis Budget Group would prefer that the deposition be in-person, but it does not oppose a deposition via video teleconference if Duval's counsel is not in the same location as Duval during the deposition. DE 49 at 1–2. Avis Budget Group maintains that unfairness could result if Duval and his counsel are in the same location during the deposition while its counsel is in a different location as, for example, its counsel would have a lesser ability than opposing counsel to assess Duval's demeanor and credibility. *Id.* at 1–2.

The Court resolves the dispute over Duval's deposition as follows: If Duval is going to be within a county falling within the Southern District of Florida on the day of his deposition, the deposition must be in-person.[2] If Duval is not going to be within a county falling within the Southern District of Florida on the day of his deposition, the deposition must be via video teleconference. If the deposition is via video teleconference, Duval and all participating counsel must appear with their cameras on while the deposition is being conducted, and Duval and his counsel may not be in the same room while the deposition is being conducted. When Duval learns whether he will be either within or outside of the Southern District of Florida on the day of his deposition, he must immediately notify his counsel, and counsel must notify opposing counsel within one business day.

B. A Premises Inspection

Duval wishes to conduct an inspection of Avis Budget Group's Fort Pierce location. DE 48 at 2. Duval's written request to enter the premises states that the inspection would be of "the entire

---

[2]  The counties that comprise the Southern District of Florida are Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach, and St. Lucie Counties.

premises, including surveillance of the premises, and computer software used to manage the premises." DE 48-1 (emphasis omitted). Avis Budget Group objects to a premises inspection on bases that include irrelevance and lack of proportionality. DE 49 at 2–3; *see* DE 48-2 ("AVIS objects to Plaintiff's Request to Enter on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. AVIS also objects to Plaintiff's Request to Enter on the grounds that it is unreasonably cumulative, duplicative, oppressive, onerous, excessive, and motivated by bad faith to harass, annoy, intimidate, burden and inconvenience AVIS. The items which Plaintiff seeks to inspect, if ultimately deemed relevant, . . . can be obtained by less burdensome, and less inconvenient means.").

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). As part of discovery, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Avis Budget Group contends that it "does not control the subject premises," DE 49 at 3, but it does not represent that it does not possess the premises. As Rule 34(a)(2) permits inspection of premises "possessed or controlled by the responding party," Avis Budget Group's purported lack of control over the premises is not a basis to deny the inspection.

In his Motion to Compel, Duval contends that "[t]his case revolves around events on Avis's property on October 4, 2019, making a property inspection necessary." DE 48 at 2. He

lists six pieces of information that he believes a premises inspection "might reveal": (1) "irregularities in customer identification procedures supporting mistaken identity claims"; (2) "potential witnesses (e.g., employees corroborating Duval's story)"; (3) "security footage proving his absence during the alleged rental period"; (4) "physical imitations affecting his ability to rent the car"; (5) "discrepancies between Avis's account and the actual layout of the premises"; and (6) an ability to "provide the jury with a visual context of where the transaction occurred." *Id.*

The Court is at a loss to understand how serving interrogatories and requests for production would not be a less intrusive and quite possibly more productive method than a premises inspection to reveal the information that Duval seeks. As examples, interrogatories and requests for production could ask Avis Budget Group to identify its customer identification procedures and its employees, produce security footage, explain the premises' layout and any physical limitations, and provide photographs of the premises. During the hearing, the Court expressed skepticism for Duval's need for a premises inspection and gave his counsel an additional opportunity to explain what information he expects to obtain through an inspection and why he cannot obtain that same information through less intrusive means. Counsel reiterated many of the pieces of information listed in the Motion to Compel and did not convince the Court that a premises inspection is proportional to the needs of this case.

Further, during the hearing, the parties informed the Court that Duval has propounded interrogatories and requests for production and that some of his discovery requests seek information about the premises. The parties also informed the Court that they are continuing to confer concerning Avis Budget Group's responses and objections.

Accordingly, the Court denies Duval's request to compel a premises inspection, as the Court finds that an inspection is disproportional to the needs of this case. However, should the

parties be unable to resolve a dispute about Avis Budget Group's responses and objections to Duval's discovery requests, and should the parties bring a dispute before the Court that involves the premises, the Court may reevaluate its decision not to compel a premises inspection in light of any additional information or arguments.

### C. Officer Medina's Deposition

Duval subpoenaed Officer Estefany Medina of the Fort Pierce Police Department to testify at a deposition that was to have occurred via video teleconference on February 16. DE 48-3 and -4. Duval states that Officer Medina did not appear for the deposition, and he therefore seeks an Order compelling her to appear for a rescheduled deposition and requiring her to pay the costs of scheduling and rescheduling the deposition. DE 48 at 3. Avis Budget Group does not object to an Order compelling Officer Medina's attendance for a deposition. DE 49 at 4.

During the hearing, Duval's counsel stated that his office contacted Officer Medina toward the end of February, and Officer Medina revealed at that time that she is on maternity leave for twelve weeks. Counsel did not know the date that Officer Medina's maternity leave will end but stated that he "didn't know whether [he] could wait that long." If Officer Medina had only just started her maternity leave toward the end of February and will be on maternity leave for twelve weeks, then her maternity leave will end in May. At that time, Duval will have at least four additional months during which to conduct discovery before the October 1 discovery deadline. Duval has not explained how he will be prejudiced if Officer Medina's deposition is delayed until her maternity leave has ended.

Accordingly, unless Officer Medina appropriately raises an objection to attending a deposition, she must attend a properly noticed deposition at a mutually agreeable date and time.

The Court will not compel Officer Medina to attend a deposition during her maternity leave. **Duval must send Officer Medina a copy of this Order.**

Duval's request that the Court order Officer Medina to pay the costs of scheduling and rescheduling her deposition is denied. Duval did not ask that Officer Medina be held in contempt and did not cite legal authority that supports an award of costs against a non-party absent a finding of contempt. *See ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61272, 2017 WL 7794274, at *3 (S.D. Fla. July 26, 2017) ("Although Rule 37(a) permits an award of expenses on a successful motion to compel, it applies to motions to compel disclosure from a *party*, and accordingly, multiple courts have held that Rule 37(a) does not apply to motions to compel compliance with a Rule 45 Subpoena." (emphasis in original)).

Based on the foregoing, Plaintiff Giovanni Duval's Motion to Compel Remote Deposition, Inspection, and Officer Medina's Attendance [DE 48] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 5th day of March, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE